Reed W. Larsen (3427)
COOPER & LARSEN, CHARTERED
151 North 3rd Avenue, 2nd Floor
P. O. Box 4229
Pocatello, ID 83205-4229
Telephone: (208) 235-1145
Facsimile:  (208) 235-1182
Email: reed@cooper-larsen.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JILL ANN SORENSEN, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **VERIFIED COMPLAINT** |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY aka THE | ) | |
| HARTFORD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW Jill Ann Sorensen, by and through the undersigned counsel, and for cause of action against the above named Defendant, Hartford Life and Accident Insurance Company aka The Hartford, states and alleges as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") Section 502, 29 U.S.C. § 1132(a)(1)(B) regarding the breach of the terms of an employee welfare benefit plan and for the purpose of compelling the Defendant to provide

coverage for certain long term disability benefits in the amounts and at the coverage levels promised, and for recovery of costs and attorney fees incurred as a consequence of the Defendant's failure to do so.

2.      This Court has jurisdiction pursuant to ERISA Section 502(e)(1), (f), 29 U.S.C. § 1132(e)(1), (f), and 28 U.S.C. § 2201(a), and Plaintiff has exhausted all administrative remedies required of her or, alternatively, exhaustion is futile.

3.      Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) since Defendant's breaches took place in this jurisdiction; Defendant conducts and transacts business in this jurisdiction; and Plaintiff's coverage is administered in this jurisdiction.

## THE PARTIES

4.      Plaintiff Jill Ann Sorensen was, at all relevant times, a "participant" within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7), in The Hartford's Long Term Disability Insurance Plan ("the Plan.") an employee welfare benefit plan, by virtue of her employment with Peter Kiewit Sons', Inc. ("Kiewit.") Plaintiff resides in Caribou County, Idaho. Plaintiff's participation in an ERISA-qualified health plan purports to provide her with long term disability coverage.

5.      Defendant Hartford Life and Accident Insurance Company aka The Hartford ("Hartford") is an insurance company organized and existing by virtue of the laws of Connecticut with its principle place of business in Hartford, Connecticut.  Defendant Hartford is and has been an employee welfare benefit insurer and fiduciary, and acts as a fiduciary and the claims administrator of the Plan.

6.     Under the terms of the Plan at issue, Defendant Hartford was granted the discretion to administer the Plan so that it acts as the Plan administrator within the meaning of ERISA Section 3(16), 29 U.S.C. § 1002(16)(A)(i).

7.     All documents referenced in this Complaint are in the possession of Defendant Hartford.

### GENERAL ALLEGATIONS

8.     Plaintiff re-pleads and alleges, as if fully set forth, the allegations contained in paragraphs 1 through 7 above.

9.     During Plaintiff's employment with Kiewit, she received, among other benefits, the benefit of long term disability insurance provided by Defendant Hartford

10.    Plaintiff became unable to work as a result of multiple severe medical conditions, which make it impossible for her to be employed, including the following:

     a.     chronic fatigue syndrome;

     b.     fibromyalgia;

     c.     chronic pain and dysphasia;

     d.     severe cervical pain caused by loss of disc space height, disc desiccation, disc bulging and spinal cord flattening with spondylosis and facet arthropathy;

     e.     Hashimoto's thyroiditis;

     f.     inflammatory polyarthropathy;

     g.     synovitis and tenosynovitis;

     h.     tendinitis of the right forearm

     i.     Osmotic Demyelination Syndrome (ODS);

j.      severe depression;

k.      chronic encephalopathy;

l.      possible hepatic encephalopathy;

m.     postural orthostatic tachycardia syndrome (POTS);

n.      pelvic floor dysfunction with urinary incontinence;

o.      irritable bowel syndrome with incontinent diarrhea;

p.      chronic hepatitis C;

q.      possible Chiari malformation

r.      low blood pressure; and

s.      Epstein-Barr virus disease.

As a result of the above stated diagnosed conditions, she is now receiving Social Security Disability.

11.     Plaintiff has been receiving temporary disability from Hartford.  However, Hartford ultimately determined that Plaintiff is not eligible for long term disability.

12.     The Plan provided that an appeal must occur with respect to the initial finding. That appeal was sought by the Plaintiff.

13.     After reviewing Plaintiff's medical records and a conducting its own medical review, Hartford determined that Plaintiff was not entitled to long term disability based on a physical condition and that she was not precluded from performing any occupation due to a physical condition.

14.    The nature of Plaintiff's disability is such that the temporary benefits that have been provided by Hartford should become long term disability.  It was an error on the part of Hartford to deny Plaintiff's claim for benefits due to her physical condition.

15.    Hartford's denial of benefits due to Plaintiff's physical condition is a breach of the insurance contract providing for disability benefits when it failed to continue to make those disability benefits permanent.

16.    Misapplication of the terms of the Plan occurred while Defendant Hartford was acting as a "fiduciary," as that term is defined by ERISA, as it is responsible for determining the eligibility of participants and beneficiaries for benefits under the Plan, under 29 U.S.C. § 1002(21)(A).

17.    Defendant Hartford's refusal to provide long term disability coverage for a physical condition under the Plan is based on a fundamentally unfair application of the Plan's own guidelines.

18.    Defendant Hartford's actions constitute a violation of its fiduciary duties owed to the Plaintiff to fairly construe and interpret the Plan's language with the "exclusive purpose of providing benefits to participants and beneficiaries," as is required of claims administrators, insurers, and fiduciaries under ERISA Section 404, 29 U.S.C. § 1104(a)(1)(A).

19.    Plaintiff has exhausted all administrative remedies, and/or exhaustion is futile, and Defendant Hartford has denied Plaintiff's ERISA appeal under controlling regulations, and she may now seek judicial review.

20.    Plaintiff supplied Defendant Hartford with adequate and substantial proof of loss.

21.    Defendant Hartford's handling of both the claim and appeal process has resulted in a clear abuse of discretion and has violated every right permitted to participants, like Plaintiff, under ERISA to have a full and fair review of their claims by appropriate fiduciaries who interpret plan

provisions for the "exclusive benefit of Plan participants" as is required by ERISA under ERISA Section 503, 29 U.S.C. § 1133.

## COUNT I

**ACTION UNDER ERISA SECTION 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) TO RECOVER FULL EMPLOYEE BENEFITS**

22.     Plaintiff re-pleads and alleges, as if fully set forth, the allegations contained in paragraphs 1 through 21 above.

23.     Plaintiff is a participant in an employee welfare benefit plan which, among other things, specifically provides long term disability benefits

24.     Plaintiff was fully vested and entitled to full benefits thereunder.

25.     Plaintiff provided a Proof of Loss and all relevant required documentation showing that she was and continues to be completely disabled from performing one or more of the essential duties of any occupation.

26.     Defendant has failed to properly interpret its own Plan such that Plaintiff has been found ineligible for long term disability coverage due to a physical condition, despite meeting the Plan's eligibility requirements.

27.     Defendant's actions are incorrect, unreasonable, arbitrary, and not authorized under the controlling Plan documents or law.

28.     Plaintiff made attempts to redress this violation of her rights, by among other things:

a.     Filing administrative appeals with the Plan;

b.     Submitting written proof of loss, medical evidence/records and statements and letters from her treating medical providers; and

c.      Following all required procedures for receiving long term disability coverage.

29.     Defendant's actions violate well-settled ERISA case law concerning the proper administration of employee benefits.

30.     Defendant's actions violate its duty to review Plaintiff's claim for "the exclusive purpose of providing benefits to the plan participants," not for its own financial profit motivations.

31.     As a direct and proximate result of the conduct of Defendant Hartford, Plaintiff will suffer a loss of benefits in an amount which exceeds the jurisdictional limits of this court and which will be proven at trial.  Plaintiff seeks all appropriate damages, including interest, penalties and attorneys fees under ERISA.

32.     By reason of the actions of Defendant Hartford, Plaintiff has been forced to retained the law firm of Cooper & Larsen, Chartered to prosecute this action.  Plaintiff is entitled to attorney fees pursuant to Idaho Code § 12-120(3) and 29 U.S.C. § 1132(g)(1).

## COUNT II

**ACTION AGAINST DEFENDANT HARTFORD UNDER ERISA SECTIONS 502(a)(2) & (3), 29 U.S.C. §§ 1132(a)(2) & (3) FOR BREACH OF FIDUCIARY DUTY**

33.     Plaintiff re-pleads and alleges, as if fully set forth, the allegations contained in paragraphs 1 through 32 above.

34.     Plaintiff is entitled to a fair and proper administration of her benefit plan by Defendant Hartford, a fiduciary under the Plan and ERISA.

35.     Defendant Hartford is operating under a financial conflict of interest with respect to Plaintiff which has impermissibly affected the handling of the underlying claim and Plaintiff's rights under 29 U.S.C. § 1133.

VERIFIED COMPLAINT - PAGE 7

36.     Defendant Hartford has breached its fiduciary duties to Plaintiff by denying long term disability benefits for a physical condition despite overwhelming evidence provided to support her claim, and instead granted temporary benefits based on a psychiatric condition.

37.     Defendant Hartford should be held liable for restitution, unjust enrichment, and surcharge as a result of breaching its duties to Plaintiff, through the actions alleged above.

38.     As a direct and proximate result of the conduct of Defendant Hartford, Plaintiff will suffer a loss of benefits in an amount which exceeds the jurisdictional limits of this court and which will be proven at trial.  Plaintiff seeks all appropriate damages, including interest, penalties and attorneys fees under ERISA.

39.     By reason of the actions of Defendant Hartford, Plaintiff has been forced to retained the law firm of Cooper & Larsen, Chartered to prosecute this action.  Plaintiff is entitled to attorney fees pursuant to Idaho Code § 12-120(3) and 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff Jill Ann Sorensen respectfully requests:

1.     An order compelling Defendant Hartford to pay Plaintiff the full amount of long term disability benefits due under the Plan based on a physical condition;

2.     An award of reasonable attorneys' fees and costs pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1) for having to bring this claim; and

3.     Any and all such other legal or equitable relief as may be just and appropriate.

DATED this ⟍ day of June, 2021.

COOPER & LARSEN, CHARTERED


By  /s/ Reed W. Larsen
       REED W. LARSEN


VERIFIED COMPLAINT - PAGE 8

## VERIFICATION

STATE OF IDAHO    )
                  :ss
County of Caribou )

    JILL ANN SORENSEN, being first duly sworn, deposes and says:

    I am the Plaintiff herein.  I have read the foregoing document, and know the contents thereof, and the facts therein stated are true to the best of my knowledge and belief.

_____
JILL ANN SORENSEN

    SUBSCRIBED AND SWORN TO before me this _14th_ day of June, 2021.

_____
NOTARY PUBLIC FOR IDAHO
Residing at: _Soda Springs_
My Commission expires: _August 17, 2021_

VERIFIED COMPLAINT - PAGE 9